**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30181 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00116-BMM-2 |
| v. | |
| CECILIA ROSE GARDIPEE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted July 27, 2015[**]

Before:    HUG, FARRIS, and CANBY, Circuit Judges.

Cecilia Rose Gardipee appeals from the district court's judgment and

challenges the 160-month sentence imposed following her guilty-plea conviction

for assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153(a),

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

113(a)(6), and 3559(f)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gardipee contends that, because she in an Indian convicted under the Indian Major Crimes Act, the district court did not have jurisdiction to impose a sentence above 120 months under 18 U.S.C. § 3559(f)(3) and instead was limited to the 120-month maximum set forth in 18 U.S.C. § 113(1)(6). We review de novo a district court's assumption of jurisdiction. *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). The plain language of 18 U.S.C. § 1153(a) makes it clear that the district court had jurisdiction to apply the higher penalty ranges in § 3559(f)(3). Section 1153(a) provides that any Indian who commits against another Indian within Indian country a felony assault under section 113 "shall be subject to the same law and penalties as all other persons committing" such an offense, and that the United States has exclusive jurisdiction in such situations. 18 U.S.C. § 1153(a) (emphasis added). Congress has not created an exception for § 3559(f)(3). Thus, contrary to Gardipee's contention, the fact that the district court's jurisdiction was authorized by § 1153(a) did not preclude the court from applying § 3559(f)(3).

Gardipee contends that the district court procedurally erred when it departed from the Guidelines. We do not review the procedural correctness of departures. *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005-08 (9th Cir. 2012). Instead,

we review the ultimate sentence for substantive reasonableness. *Id.* The sentence is not substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.

Gardipee also contends that the district court failed to adequately explain the reasons for the sentence. Because she did not object on these grounds in the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The district court did not plainly err. It explained the reasons for the above-Guidelines sentence sufficiently to permit meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED**.